Entered on Docket June 6, 2022

**Below is the Order of the Court.**



_Mary Jo Heston_
**Mary Jo Heston**
**U.S. Bankruptcy Judge**
**(Dated as of Entered on Docket date above)**

___

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

ROBERT DANIEL COTTON, JR., and TINA MARIE COTTON,

Debtor.

Case No. 21-40847-MJH

**ORDER ON DEBTORS' MOTION TO AVOID JUDGMENT LIEN OF SUZANNE MOORE**

This matter came before the Court on June 6, 2022, on Robert Daniel Cotton and Tina Marie Cotton's (individually "Mr. Cotton" and "Mrs. Cotton" respectively) (collectively "Debtors") motion to avoid the judicial lien held by Suzanne Moore against Debtors' residence located at 4128 South J Street, Tacoma, Washington ("Real Property").

The background and undisputed facts regarding the above-captioned case are set forth in detail in the Court's Memorandum Decision on Debtors' Motion to Avoid Lien at ECF No. 52; Memorandum Decision on Debtors' Motion for Summary Judgment at ECF No. 45; and in the Order Granting Partial Summary Judgment on Debtors' Motion to Avoid Lien at ECF No. 35, which the Court hereby incorporates by reference.

In addition to the facts incorporated by reference, the Court hereby makes the following finding of facts and conclusions of law:

(1) Suzanne Moore has a judgment lien against the Real Property which is recorded in Pierce County under recording number 202011191070 ("Ms. Moore's Lien").

(2) Ms. Moore's Lien does not secure a debt for child support or for or any of the statutory exceptions set forth in 11 U.S.C. § 522(f)(1)(A).

(3) The maximum homestead exemption for real property located in Pierce County for a bankruptcy filed in 2021 is $424,300.

(4) As of the petition date, the Real Property had a value of $400,614, and was encumbered in the amount of $145,831.40.

(5) Debtors claimed a homestead exemption of $254,782.60 and Ms. Moore objected, arguing that Debtors' claimed homestead exemption is improper and should be capped at $170,350 pursuant to 11 U.S.C. § 522(q)(1)(A).

(6) Ms. Moore has met her burden of establishing her objection and Debtors agreed to waive their ability to argue whether the savings clause of 11 U.S.C. § 522(q)(2) applies to increase the capped homestead exemption above $170,350.

(7) Ms. Moore's Lien partially impairs Debtors' homestead exemption. The portion of Ms. Moore's Lien that does not impair Debtors' homestead exemption is $84,432.60.

The Court having considered the arguments of counsel and pleadings in the record, now therefore, it is

**ORDERED** that Ms. Moore's objection to Debtors' claimed homestead exemption is SUSTAINED. Debtors' homestead exemption is capped in the aggregate amount of $170,350 pursuant to 11 U.S.C. § 522(q)(1)(A); it is further

**ORDERED** that Debtors' motion to avoid Ms. Moore's Lien pursuant to 11 U.S.C. § 522(f) is GRANTED in part. Ms. Moore Lien is hereby avoided to the extent it impairs Debtors' $170,350 homestead exemption. Ms. Moore's Lien shall and does remain on the Real Property in the amount of $84,432.60, with interest accruing thereon at twelve percent per annum as of May 17, 2021. The avoided portion of Ms. Moore's Lien shall have no further force or effect as to the Real Property unless the Debtors' bankruptcy proceeding is dismissed.

/ / / End of Order / / /